**Ex parte Ellis Kennedy DOUTHIT.**

**No. 47989.**

Court of Criminal Appeals of Texas.

Feb. 6, 1974.

Charles W. Tessmer and Ronald L. Goranson, Dallas, for appellant.

Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

Our opinion affirming appellant's Travis County conviction for assault with intent to rape is reported at 482 S.W.2d 155. A full discussion of the facts as well as the different views of the members of this Court on a number of questions of law raised by this case are there set forth and need to be read as a preface to this opinion.

The majority opinion failed to find validity in the question of former jeopardy, among other reasons, because the record in the former Williamson County conviction was not before us and we were thus prevented from knowing upon what the Williamson County jury "grounded its verdict".

In this collateral attack we have now been furnished the record of the Williamson County trial. The single conceivable issue [1] in both the Travis and Williamson County convictions was whether or not the prosecutrix consented to appellant's advances. A review of both records leads us to the conclusion that the Travis County jury were thoroughly justified in believing that the prosecutrix did not consent to the initial attack in Travis County which resulted in the consummated acts of rape and sodomy in Hays County (upon which our original opinions were based) while at the same time concluding that the William-

son County jury were also justified in believing that by the time the parties reached Williamson County prosecutrix had decided that rape was inevitable and she, therefore, consented.

The above represents the view of this writer. My brethren concur in the denial of the writ. Their views may be gleaned from the original opinion.

The writ of habeas corpus is denied.

ONION, Presiding Judge (concurring).

After thoroughly studying the record of the post-conviction evidentiary hearing in which the record of the Williamson County trial for rape was incorporated, I have reluctantly concluded the doctrine of collateral estoppel is not here applicable and concur in the opinion of the majority, but must express my puzzlement at the failure of the majority to dispose of appellant's other two contentions.

---

1. Ashe v. Swenson, 397 U.S. 436, 30 S.Ct. 1189, 25 L.Ed.2d 469.